## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### TOMLIN V. COMMONWEALTH.

#### November 14, 1918.

1. INTOXICATING LIQUORS—*Illegal Sale—Counts in Indictment.*—An indictment for violation of the prohibition act contained two counts for an alleged illegal sale under the act. The only material difference between the two counts was that one was more specific than the other, in that it contained the unnecessary averment of the name of the person to whom the alleged sale of the liquor was made. These counts were, therefore, substantially one and the same. The verdict of the jury finding accused guilty of an illegal sale expressly appeared to have been based on the more specific count. It might, however, have been based on the other count.

   *Held:* That the court below might very properly have considered it immaterial under which of these counts a verdict might be found, and on that ground have declined to instruct the jury that they could not consider the less specific count. The offense was covered by the charge in both counts.

2. INTOXICATING LIQUORS—*Illegal Sale — Counts in Indictment — Harmless Error.*—As in the instant case, the accused was convicted of but one offense of selling ardent spirits, for which the minimum fine and imprisonment only was imposed by the verdict of the jury, and the judgment complained of, the accused was not in any way prejudiced by the refusal of the trial court to disregard the less specific count referred to in the preceding syllabus.

3. WITNESS—*Credibility — Conflict in Testimony.* — The credibility of a witness and conflict in the testimony are for the jury.

Error to a judgment of the Circuit Court of Amherst county.

*Reversed in part.*

In this case the accused was convicted of two offenses, namely: (a) the illegal manufacture of ardent spirits, "as charged in the first count of the  *  *  indictment;" and

(b) the illegal sale of ardent spirits "as charged in the tenth count of the indictment." A fine of .$50.00 and one month in jail were fixed by the verdict of the jury as the punishment for each of such offenses, and the judgment complained of was entered by the court below accordingly.

The Attorney General, in the brief for the Commonwealth confesses error in the action of the court below in refusing to set aside the verdict finding the accused guilty of the offense first above named, admitting that there was no evidence to connect the accused in any way with the manufacturing of ardent spirits; hence the assignments of error on the subject of such offense need not be specifically referred to.

On the subject of the offense of the illegal sale of ardent spirits, the assignments of error are in substance the following only, viz:

1. That the court below erred in not instructing the jury to disregard the third count of the indictment.

The position taken on the subject in the petition is as follows: "The third count charged the petitioner with selling ardent spirits generally within one year prior to the finding of the indictment. The tenth count charged him with selling specifically liquor to (Dr.) W. A. Richeson within said period. There was only evidence relating to the tenth count. There was no evidence whatever relating to the third count. This was prejudicial to the defendant and caused the jury to believe that he was charged with and there was evidence relating to" the offense or offenses of the sale of liquor other than to said Richeson, whereas there was no evidence whatever relating to the sale of liquor to anyone else.

2. That there was not sufficient evidence to support the verdict finding the accused guilty of selling ardent spirits to Dr. W. A. Richeson as charged in the tenth count of the indictment.

The position taken on this point in the petition is as follows: "As to the alleged sale, *   *   Dr. Richeson, the only witness (who) says that petitioner sold him liquor, *   *   says that later on (after he had gotten liquor the third time, in some way or manner he did not see fit to disclose) he paid Tomlin" (the accused) "for the liquor on the ground that Tomlin said it was his liquor the witness had gotten *   *   * that *   * he did not see Tomlin bring the first gallon, nor does he remember who delivered (the) whiskey on November 12th, but Tomlin afterwards told him it was his liquor, and he paid him."

The whole of the testimony of Dr. Richeson on this subject, as given in the record, is as follows: "*   * that he bought one gallon of liquor from J. D. Tomlin on November 2, 1916, another gallon on November 12, 1916, and half a gallon on November 28th, at the rate of $2.00 per gallon, and on November 28th paid him for the two and a half gallons. Paid him by check, and witness produced a check for $5.50, which he testified was for liquor. *   *   * That he paid Tomlin for the liquor he had bought, but he did not see Tomlin bring the first gallon, nor does he remember who delivered the whiskey on November 12th, but that Tomlin afterwards told him that it was his liquor and he paid him. *   * That the reason the check was for $5.50 Tomlin must have charged him more for the half gallon than $2.00 a gallon. *   * That Jas. D. Tomlin brought the liquor to witness on November 28, 1916, at which time he paid the $5.50 by check."

*Wm. Kinckle Allen,* for the plaintiff in error.

*Jno. R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *F. B. Richardson,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1, 2] 1. The verdict of the jury finding the accused guilty of the sale of liquor, expressly appears therefrom to have been based on the charge in the tenth count of the indictment. It might have been based, however, on the charge in the third count. The offense was covered by the charge in both counts. The only material difference between the two counts is that the former was more specific than the latter, in that it contained the unnecessary averment of the name of the person to whom the alleged sale of the liquor was made. These counts were, therefore, substantially one and the same. The court below, therefore, may very properly have considered it immaterial under which of these counts a verdict might be found, and on that ground have declined to instruct the jury that they could not consider the third count of the indictment.

Moreover, the accused was convicted of but one offense of selling ardent spirits, for which the minimum fine and imprisonment only was imposed by the verdict of the jury, and the judgment complained of, so that the accused was not in any way prejudiced by the refusal of the trial court to disregard the third count of the indictment.

2. As to the position taken by the accused, above noted —namely, that there was not sufficient evidence to support the verdict of the jury in finding the accused guilty of selling ardent spirits to Dr. W. A. Richeson, as charged in the tenth count of the indictment. That position overlooks that portion of the testimony of said Richeson, above quoted, in which he says: "* * * that he bought * * * from J. D. Tomlin" (the accused) "* * * half a gallon (of liquor) on November 28th; * * * that Jas. D. Tomlin" (the accused) "brought the liquor to witness on November 28, 1916, at which time he paid the $5.50 by check."

[3]  Certain points are made concerning testimony in the case in conflict with the said testimony of Richeson, and also concerning other testimony bearing upon his credibility; but all of that was for the jury, and specific reference to it would needlessly prolong this opinion. It is deemed sufficient to say that it appears from the statement of the case above and from what has been said in this opinion that there was ample evidence to support the verdict of the jury in finding the accused guilty of the sale of ardent spirits aforesaid.

We, therefore, find no error in the verdict or in the judgment under review, in so far as they concern the offense of the sale of ardent spirits, and such judgment will be to that extent affirmed. But we are of opinion that the learned Attorney General is correct in his confession of error, mentioned in the statement of the case above, as to so much of the verdict and judgment under review as concerns the offense of the manufacture of ardent spirits, of which the accused was also found guilty, and to that extent the verdict of the jury and the judgment thereon will be set aside, and the accused will be granted a new trial of the charge against him of the last-named offense contained in the first count of the indictment, to be had not in conflict with the views expressed in this opinion.

*Reversed in part.*